

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-013-CR**

STEPHEN LEE DUNKELBERG                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

## OPINION

------------

A jury convicted Appellant Stephen Lee Dunkelberg of driving while intoxicated (DWI), and the trial court sentenced him to six days' confinement and a $300.00 fine. In two points, Appellant appeals the trial court's denial of his motion to suppress the fruits of the stop of his vehicle and the detention of his person. Because we hold that the trial court did not err, we affirm the trial court's judgment.

**Background Facts**

Officer Duane Ford testified that on June 5, 2005, at approximately 1:30 a.m., he observed a vehicle being driven in the outside lane in the 6300 block of Davis in North Richland Hills, Texas. He testified that the vehicle was "having a little bit of difficulty maintaining its lane" and weaved within its lane, crossed the lane line, and struck several lines back and forth. When the driver attempted to pull the vehicle over after Officer Ford activated his lights, the car jumped the curb and stopped with a tire on the curb. This court has carefully reviewed the videotape that Officer Ford made of the events he described and determined that the videotape supports his testimony. After the stop, Appellant was arrested for DWI. The trial court denied his motion to suppress, finding that

- about 1:46 or 1:49 in the morning of June 5, 2005, Officer Ford saw Appellant's car weaving within its lane;

- at one point it crossed over the dividing line into another lane;

- "and that was his basis or his reasonable suspicion for stopping the vehicle."

The trial court also found that the vehicle did not stop immediately in response to Officer Ford's lights but continued for four or five blocks, pulled off to the right after signaling, and then ran up over a curb in stopping.

2

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.[1] In reviewing the trial court's decision, we do not engage in our own factual review.[2] The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.[3] Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.[4] But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's

---

[1]*Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[2]*Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).

[3]*Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

[4]*Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

rulings on those questions de novo.[5]

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling.[6] When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings.[7] We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.[8] We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.[9]

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on

[5]*Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

[6]*Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

[7]*Kelly*, 204 S.W.3d at 818–19.

[8]*Id*. at 819.

[9]*State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

specific, articulable facts.[10] An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law.[11] Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.[12] This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.[13]

## Stop Based on Reasonable Suspicion

In his first point, Appellant contends that the stop was not based on probable cause or reasonable suspicion. In his second point, Appellant contends that the trial court erred by denying his motion to suppress. Appellant argues that although the officer saw the vehicle weave within its lane, cross the lane line, and strike several lines back and forth, there was no evidence that

---

[10]*Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000)*.*

[11]*Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

[12]*Id.* at 492–93.

[13]*Id.* at 492.

Appellant failed to drive in a single marked traffic lane when it was unsafe to do so.[14] That is, Appellant argues that he did not violate section 545.060 of the transportation code because there was no evidence that his driving was unsafe. He further argues that because there was no evidence that he failed to drive in a single lane when it was unsafe to do so, the officer had no reasonable suspicion to stop Appellant's vehicle. Appellant relies on *State v. Cerny*,[15] *State v. Tarvin*,[16] and *Hernandez v. State*.[17]

The *Cerny* court noted that the arresting officer did not articulate any justification for stopping the defendant other than the officer's suspicion that the defendant had violated the traffic code, and while the traffic code required the defendant's actions to be unsafe, the record reflected mere weaving within the lane and no indication that this weaving was unsafe.[18] The *Hernandez* court rejected the State's contention that the officer's observing the defendant weaving within his own lane justified an investigatory detention because the officer did not testify that, based on his experience, he subjectively suspected

---

[14]*See* Tex. Transp. Code Ann. § 545.060(a) (Vernon 1999).

[15]28 S.W.3d 796 (Tex. App.—Corpus Christi 2000, no pet.).

[16]972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref'd).

[17]983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref'd).

[18]*Cerny*, 28 S.W.3d at 801.

6

the defendant of being intoxicated.[19] The *Hernandez* court additionally noted that the officer did not testify to anything about the objective circumstances, time, location, or the vehicle's movement that would have led a reasonable officer to suspect the driver of being intoxicated; rather, the officer testified only that he was concerned about the driver's well-being.[20] The *Tarvin* court noted that, although the officer observed Tarvin's weaving within his own lane of traffic, the officer "never testified that he was conducting an investigatory stop, nor did he testify to suspecting any criminal activity other than weaving out of the lane."[21]

Unlike the officers in those three cases, Officer Ford testified that, based on his training and experience, he believed that Appellant might be driving while intoxicated given the manner in which the vehicle was operated in conjunction with the time of night. He testified that he stopped the vehicle "due to an investigative stop because, as you well know, in the NHTSA manual, . . . [weaving] is one of the sixteen clues that could be a possible intoxicated driver."

---

[19]*Hernandez*, 983 S.W.2d at 870.

[20]*Id.*

[21]*Tarvin*, 972 S.W.2d at 912.

As the State points out, Officer Ford, like the officers in *Walker v. State*[22] and *State v. Arend,*[23] testified that he conducted an investigatory stop specifically because he believed there was a "possibility" Appellant was driving while intoxicated. Officer Ford's dashboard video of Appellant's driving supports the officer's testimony that Appellant was weaving from one set of reflectors on the road to the other and that he crossed the lane divider at least once. The video also supports Officer Ford's testimony that Appellant was slow to react to the officer's emergency lights. Officer Ford further testified that in his experience, intoxicated drivers are frequently encountered at that time of night and that his training showed that weaving is one of the sixteen clues that a driver is intoxicated.

---

[22]No. 02-04-00336-CR, 2006 WL 349704, at *5 (Tex. App.—Fort Worth Feb. 16, 2006, no pet.) (mem. op., not designated for publication).

[23]No. 02-03-00336-CR, 2005 WL 994710, at *5 (Tex. App.—Fort Worth April 28, 2005, pet. ref'd) (mem. op., not designated for publication).

Viewing the evidence in the light most favorable to the trial court's ruling, we hold that the trial court properly found that Officer Ford had reasonable suspicion to stop Appellant and that the trial court properly denied his motion to suppress. We overrule Appellant's two points and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

PUBLISH

DELIVERED: October 2, 2008

9