02-10-316-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00316-CR

 

 


 
 
 Darin Prejean
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM County
Criminal Court No. 5
OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

         
Appellant Darin Prejean appeals his conviction for
driving while intoxicated (DWI).[2]  In one point, he argues that the
arresting officer did not have legal justification to initiate a traffic stop
and that the trial court therefore erred by denying his motion to
suppress.  We affirm.

Background
Facts

         
On an early morning in November 2009, Flower Mound Police Department Officer
Michael Draut was watching northbound traffic on Long
Prairie Road when he saw appellant’s Honda Odyssey “going over and coming back
from left to right a couple of times.”[3]  Officer Draut started his in-car camera and began to follow
appellant, who was continuing to weave.[4] 
Appellant weaved about five times in the course of a quarter of a mile. 
Officer Draut turned on his overhead patrol lights
because he thought appellant was intoxicated or was having
a medical emergency, and appellant pulled over.  Officer Draut eventually arrested appellant for DWI,
and the State charged him with the same offense.

         
Appellant sought suppression of all evidence connected to his detention or
arrest; he contended that he was “stopped by an agent of the State . . .
without reasonable suspicion . . . or other lawful authority” in violation of
his constitutional and statutory rights.  The trial court denied
appellant’s motion to suppress and entered the following findings of fact and
conclusions of law:

The Court having heard the evidence . . . and having
observed the demeanor of the witness[] and the manner in which he testified,
and having assessed his credibility and the weight accorded said testimony,
makes the follow findings of fact and conclusions of law based on the totality
of the circumstances presented.

FINDINGS OF FACT

         
The Court finds as follows:

         
1.  Flower Mound Officer, Michael Draut, was on
patrol . . . in the 1500 Block of Long Prairie Road at approximately 3:00 a.m.
on November 8, 2009. . . .

         
2.  Officer Draut regularly patrols the
above-mentioned area and has observed and investigated many intoxicated
individuals driving home from bars located in Grapevine, Texas at this time of
morning.

         
3.  Officer Draut observed [appellant] traveling
northbound . . . .  [Appellant]
appeared to be weaving inside of [his] own lane on several occasions. 
Officer Draut thought [appellant] was possibly
intoxicated due to the time of night, driving on the thoroughfare from
Grapevine to Denton, and weaving within his own lane.

         
4.  Officer [Draut] conceded that he did not
observe an actual traffic offense and there were no other cars on the roadway
that would make the actual driving unsafe.

         
5.  Officer Draut stopped [appellant] because he
suspected that he was intoxicated. . . .  His suspicion was based on the
totality of the circumstances, specifically due to the time of the night/early
morning when he observed [appellant] driving, his familiarity with intoxicated
individuals driving on this roadway, and weaving within a lane.

CONCLUSIONS OF LAW

         
1.  Flower Mound Officer Draut had reasonable
suspicion to stop [appellant] to investigate whether the defendant was driving
while intoxicated. . . .

         
2.  The stop of [appellant] was lawful.

         
A few months after the trial court denied appellant’s suppression motion, he
pled nolo contendere. 
The trial court convicted him, assessed 160 days’ confinement as his
punishment, and suspended the confinement to place him on community supervision
for fifteen months.  Appellant filed notice of this appeal.

The
Legality of the Traffic Stop

         
Appellant argues that Officer Draut’s traffic stop
was not supported by reasonable suspicion and that the trial court should have
granted his motion to suppress.[5] 
We review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State,
221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  In reviewing the trial court’s decision, we do not engage
in our own factual review.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State,
118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no
pet.).  The trial judge is the sole trier
of fact and judge of the credibility of the witnesses and the weight to be
given their testimony.  Wiede v. State, 214 S.W.3d 17, 24–25
(Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000), modified on other grounds by State v.
Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006). 
Therefore, we give almost total deference to the trial court’s rulings on
(1) questions of historical fact, even if the trial court’s determination
of those facts was not based on an evaluation of credibility and demeanor, and
(2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez v. State, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); Johnson v.
State, 68 S.W.3d 644, 652–53 (Tex. Crim. App.
2002).  But when application-of-law-to-fact questions do not turn
on the credibility and demeanor of the witnesses, we review the trial court’s
rulings on those questions de novo.  Amador,
221 S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652–53.

         
Stated another way, when reviewing the trial court’s ruling on a motion to
suppress, we must view the evidence in the light most favorable to the trial
court’s ruling.  Wiede, 214 S.W.3d at 24; State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 
When the trial court makes explicit fact findings, we determine whether the
evidence, when viewed in the light most favorable to the trial court’s ruling,
supports those findings.  Kelly, 204 S.W.3d at 818–19.  We then review the
trial court’s legal ruling de novo unless its explicit fact findings that
are supported by the record are also dispositive of the legal ruling.  Id. at 818.  We must uphold the trial court’s
ruling if it is supported by the record and correct under any theory of law
applicable to the case even if the trial court gave the wrong reason for its
ruling.  State v. Stevens, 235 S.W.3d
736, 740 (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App.
2003), cert. denied, 541 U.S. 974 (2004).

         
The Fourth Amendment protects against unreasonable searches and seizures. 
U.S. Const. amend. IV.  And
state law mandates that “[n]o evidence obtained by an officer or other person
in violation of any provisions of . . . the Constitution or laws of the United
States of America, shall be admitted in evidence against the accused on the
trial of any criminal case.”  Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon 2005); see Bell v. State, 169 S.W.3d 384, 391 (Tex. App.—Fort Worth 2005, pet. ref’d).  Stopping an automobile and detaining its
occupants is a “seizure” within the meaning of the Fourth Amendment.  Whren
v. United States, 517 U.S. 806, 809–10, 116 S. Ct. 1769, 1772 (1996). 
Because the State stipulated that appellant’s seizure occurred without a
warrant, the State had the burden to prove the reasonableness of the
seizure.  Ford v. State, 158 S.W.3d 488,
492 (Tex. Crim. App. 2005).

         
A detention, as opposed to an arrest, may be justified on less than probable
cause if a person is reasonably suspected of criminal activity based on
specific, articulable facts.  Terry
v. Ohio, 392 U.S. 1, 21–22, 88 S. Ct. 1868, 1880 (1968); Carmouche v. State, 10 S.W.3d
323, 328 (Tex. Crim. App. 2000).  Reasonable suspicion is an
objective standard that disregards any subjective intent of the officer making
the stop; in other words, the fact that the officer does not have the state of
mind which is hypothecated by the reasons which provide the legal justification
for the officer’s action does not invalidate the action taken as long as the
circumstances, viewed objectively, justify that action.  Fernandez v. State, 306 S.W.3d
354, 357 (Tex. App.—Fort Worth 2010, no pet.).

         
The court of criminal appeals recently repeated the standard for warrantless
traffic stops.  See Foster v. State, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010).  The
court explained,

         
A law enforcement officer may stop and briefly detain a person for
investigative purposes on less information than is constitutionally required
for probable cause to arrest.  Terry v. Ohio, 392
U.S. 1 (1968).  In order to stop or briefly detain an individual,
an officer must be able to articulate something more than an “inchoate and unparticularized suspicion or ‘hunch.’”  Id. at 21.  Specifically, the police officer
must have some minimal level of objective justification for making the stop,
i.e., when the officer can “point to specific and articulable
facts which, taken together with rational inferences from those facts, reasonably
warrant [the] intrusion.” Id. The reasonableness of a temporary
detention must be examined in terms of the totality of the circumstances.

          .
. . .

          .
. .  [T]ime of day is a relevant factor in
determining reasonable suspicion.  Similarly, . . .
location near a bar district where police have made numerous DWI arrests is also a relevant factor in determining
reasonable suspicion.

Id.
(some citations omitted).

         
Thus, an officer may stop a driver based on a reasonable suspicion of DWI even when the driver has not violated a traffic law and
has not endangered other drivers.  James v. State, 102 S.W.3d 162, 172 (Tex. App.—Fort Worth 2003, pet. ref’d); Cook v. State, 63 S.W.3d
924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d). 
Appellant argues that the “facts of the present case do not demonstrate conduct
. . . that . . . tends to indicate intoxication.”  We disagree.

         
In Foster, an Austin police officer was stopped at a red light a few
blocks from a bar district.  326 S.W.3d
at 610.  Foster drove his truck extremely close behind the
officer’s vehicle, revved his engine, and lurched forward in what the officer
believed to be an attempt to move into another lane.  Id.  The
officer initiated a traffic stop out of a concern that Foster was
impaired.  Id. at 610–11.  The court
of criminal appeals held that the traffic stop was justified because it
occurred in a location where intoxication was common, the time of night could
have suggested that Foster was leaving the bar district while intoxicated, the
officer knew of DWIs occurring in that area, and
Foster’s lurch was “aggressive.”  Id. at 613–14. 
Because the officer articulated something “more than an inchoate and unparticularized suspicion or hunch” that justified Foster’s
detention, the court of criminal appeals affirmed the trial court’s
judgment.  Id. at 614 (quoting United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989)).

         
In Curtis v. State, Curtis was driving on a highway when he weaved in
and out of his lane over a short distance.  238 S.W.3d 376, 377 (Tex. Crim. App. 2007).  State
troopers initiated a traffic stop and arrested him for DWI. 
Id.  After the Texarkana Court of Appeals held that the stop was
not justified, the court of criminal appeals held that the troopers had
reasonable suspicion of DWI because the stop occurred
at about one o’clock in the morning, the arresting officer had received
training in detecting DWIs, and Curtis’s weaving at
least three times over a short distance could have indicated his
intoxication.  Id. at 378–81.

         
Intermediate appellate courts, including our court, have approved traffic stops
under similar circumstances.  See Dunkelberg v. State, 276 S.W.3d 503, 504–06 (Tex. App.—Fort Worth 2008, pet. ref’d) (concluding that there was reasonable suspicion for
a stop when the officer saw a car weaving early in the morning, and after the
officer activated his patrol lights, the car jumped a curb); Ortiz v. State,
930 S.W.2d 849, 853, 856 (Tex. App.—Tyler 1996, no
pet.) (holding that officers’ observation of a defendant’s vehicle that weaved,
hit a grassy median, and continued to weave within its lane two or three more
times gave them reasonable suspicion that appellant was driving while
intoxicated); Davis v. State, 923 S.W.2d 781,
784, 788 (Tex. App.—Beaumont 1996) (op. on reh’g)
(holding that a traffic stop was proper where the driver “weav[ed] line to line in a lane of traffic” about three times), rev’d on other grounds, 947 S.W.2d 240 (Tex. Crim. App. 1997); see also Walker v.
State, No. 02-04-00336-CR, 2006 WL 349704, at *4–5 (Tex. App.—Fort Worth
Feb. 16, 2006, no pet.) (mem. op., not designated for
publication) (holding similarly and citing other cases
reaching similar conclusions).

         
Officer Draut saw appellant weave five times over
just a quarter of a mile.  After watching the video taken from Officer Draut’s camera, the trial court agreed that appellant had
weaved (and so do we).  Officer Draut said that
Long Prairie Road is a “thoroughfare from Dallas, Grapevine, and Fort Worth to
come through our town to get to Denton.”  He explained, 

[S]ince
I’ve been working for Flower Mound, there’s a couple of bars in
Grapevine.  There’s the Gaylord, and I get a lot of intoxicated drivers
that are coming from the south of that, and the traffic violations range from
speeding to weaving to failing just to signal.  And through my training
and experience as of last night, I think I have about 83 [DWIs]
of which I would say at least 80 percent are on that road at that time of
night.

Officer Draut
explained that the time of appellant’s weaving was important because “typically
at that time of night, that’s when the bars are closing and people are leaving
bars.”

         
Viewing this evidence in the light most favorable to the trial court’s ruling,
we hold that appellant’s repeated erratic driving, along with the early morning
traffic stop and Officer Draut’s experience with DWIs on Long Prairie Road, gave Officer Draut
more than an “inchoate and unparticularlized
suspicion or hunch” of appellant’s DWI.  See
Foster, 326 S.W.3d at 614.
 Because the trial court did not err by concluding that Officer Draut had reasonable suspicion of DWI
to detain appellant, we overrule appellant’s point.

Conclusion

         
Having overruled appellant’s point, we affirm the trial court’s judgment.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 10,
2011











[1]See
Tex. R. App. P. 47.4.





[2]See
Tex. Penal Code Ann. § 49.04(a) (Vernon 2003).





[3]Officer
Draut has been a police officer for several years,
taken DWI classes, and participated in DWI arrests and investigations.





[4]The
State introduced the video recording from Officer Draut’s
camera into evidence.  After watching the video, the trial judge said,
“[W]hat I believe I saw was not only was he weaving within the lane, but I
think he went over it or at least onto some of the stripes on the driver’s side
of the vehicle.”  We have reviewed the same video and agree that it shows appellant’s
weaving.





[5]Appellant
claims that the traffic stop was illegal under the federal and Texas
constitutions, but he does not contend that the Texas constitution provides
greater rights than the federal constitution.  Thus, we will examine his
point under standards applicable to the federal constitution.  See Welch v. State, 93 S.W.3d 50,
52 & n.5 (Tex. Crim. App. 2002); Reed v. State,
308 S.W.3d 417, 419 n.3
(Tex. App.—Fort Worth 2010, no pet.).