In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00148-CR**
_____

**PATRICK TOBIAS HICKMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 11658JD**

**MEMORANDUM OPINION**

After the trial court denied his motion to suppress, appellant Patrick Tobias Hickman, with an agreed punishment recommendation from the State, pleaded guilty to the offense of driving while intoxicated. In accordance with the plea agreement, the trial court found Hickman guilty of driving while intoxicated, third or more, sentenced Hickman to five years in prison, suspended the sentence, placed him on community supervision for five years, and assessed a fine of $2,500. Hickman timely appealed. In two points of error, Hickman challenges the trial

1

court's denial of his pretrial motion to suppress the evidence. For the reasons set forth below, we overrule Hickman's points of error and affirm the judgment of the trial court.

## Factual and Procedural Background

Officer Michael Peters was the only witness to testify during the pretrial suppression hearing. He testified that he was on patrol March 7, 2012 when, around midnight, he initiated a stop of a white van. Officer Peters observed the van "weaving across the inside left yellow line, the lane marker several times." Officer Peters testified that after he observed the van crossing or riding the inside line, he turned on his dashboard camera and proceeded to follow the van. He followed the van for approximately two to three miles, and the van continued to weave out of its lane of traffic. Officer Peters described the handling of the van as erratic. Because of the time of night and the manner in which the van was being driven, Officer Peters suspected the driver might be under the influence of alcohol.

The recording of the stop was admitted into evidence and viewed by the trial court. The video recording is consistent with Officer Peters's testimony regarding his observations of the van after he initiated his camera. Early in the recording of the stop, Officer Peters can be heard commenting, presumably to another officer

2

that stopped to assist, that Hickman "was all over the damn line coming all the way up the highway."

Hickman was the sole occupant of the van. Hickman showed Officer Peters an occupational driver's license, which indicated that he was limited as to the hours that he could operate a vehicle. When Officer Peters asked why he was driving past the time allowed for on his license, Hickman explained that he was helping a friend move a television set. While Officer Peters was running the standard warrants check, Hickman informed Officer Peters that his driver's license had been suspended.

Officer Peters observed that Hickman's eyes were bloodshot and glassy. Because of his suspicions regarding Hickman's intoxication, Officer Peters asked Hickman to exit the van so that he could properly observe Hickman and his motor skills. Due to strong winds on the side of the road that night, Officer Peters could not smell Hickman's person or breath when Hickman was inside the van. As soon as Officer Peters placed Hickman between the van and his patrol car, however, the wind was blocked and Officer Peters could immediately smell Hickman's breath.

Hickman gave Officer Peters consent to search the van. As soon as he opened the door, Officer Peters found an open can of cold beer sitting between the driver's seat and the passenger's front seat. He also found an empty vodka bottle, a

prescription bottle of Ibuprofen, and a prescription bottle of hydrocodone. Officer Peters performed field sobriety tests on Hickman, including the horizontal gaze nystagmus test, the one-legged-stand test, and the walk-and-turn test. Thereafter, Officer Peters placed Hickman under arrest for driving while intoxicated.

The State of Texas charged Hickman with driving while intoxicated, third or more. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b)(2) (West Supp. 2014). Hickman filed a pretrial motion to suppress the evidence obtained by officers during the stop. In his motion, Hickman contended that the evidence was obtained from an illegal traffic stop because Hickman did not violate section 545.060 of the Texas Transportation Code. *See generally* Tex. Transp. Code Ann. § 545.060(a) (West 2011) (providing that "[a]n operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely.")

During the suppression hearing, Hickman argued that the dashboard camera recording reflects that he either drove near or on the line, but does not show that he weaved back and forth in the lane, that he crossed entirely over the line, or that he left his lane of traffic. The State argued that Officer Peters was justified in initiating the stop. While Officer Peters did not identify a specific statute by

4

section, he testified that he believed Hickman committed a traffic violation. The State did not name a specific section of the Transportation Code, but argued, essentially, that Hickman's driving constituted a violation of the Transportation Code.

The trial court denied Hickman's motion to suppress and issued the following findings of fact:

> Officer Peters testified that he was on routine patrol on Highway 96 north of Jasper when he saw a white van fail to maintain a single lane of traffic. The north-bound van crossed the inside "fog" line of the highway in an area in which there are two north-bound and two south-bound lanes divided by a median, after which the video camera on Officer Peters' patrol car was activated. As seen from the patrol car video that was offered by the Defendant and admitted into evidence without objection, the van continued to veer onto the "fog" line. After seeing this happen several times, Officer Peters activated his emergency lights and made a traffic stop on the van, the driver of which was identified as the Defendant.

Based upon these findings of fact, the trial court then entered conclusions of law, including the conclusion that "Officer Peters observed the Defendant . . . violate Transportation Code §545.060(a), providing the basis for a lawful traffic stop of the Defendant's vehicle." Hickman filed a notice of appeal and now contends in two issues that the trial court erred in denying his pretrial motion to suppress.

5

## Standard of Review

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion and the trial court's application of the law to the facts *de novo*. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility and may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002) (en banc). We will uphold the trial court's ruling on a motion to suppress if that ruling is supported by the record and was correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

## Motion to Suppress

Hickman contends the trial court erred in denying his motion to suppress because there was not a valid justification for a traffic stop. The State responds that the traffic stop was justified because the evidence supports a finding that Hickman violated section 545.060 of the Texas Transportation Code. *See generally* Tex. Transp. Code Ann. § 545.060. The State also contends that the evidence supports a

finding that Hickman violated section 545.058 of the Texas Transportation Code. *See generally* Tex. Transp. Code Ann. § 545.058(b) (West 2011) (providing that "[a]n operator may drive on an improved shoulder to the left of the main traveled portion of a divided or limited-access or controlled-access highway if that operation may be done safely" and the operator drove onto the shoulder to accomplish one of three enumerated purposes). The State further contends that the totality of the evidence also justifies the detention as an investigatory stop.

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. CONST. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). To suppress evidence based on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Id*. The State then has the burden to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id*. at 672-73.

An investigatory detention may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable

facts.[1] *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). "To support an investigatory detention, 1) the officer's actions must be justified at the inception of the detention, and 2) the detention must be reasonably related in scope to the circumstances that justified the interference in the first place." *Thomas v. State*, 420 S.W.3d 195, 199 (Tex. App.—Amarillo 2013, no pet.). When an officer has reasonable suspicion to believe that a person is violating the law, the officer may temporarily detain the person. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Id*. The officer must be able to articulate something more than an "inchoate and unparticularized suspicion or 'hunch.'" *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (quoting *Terry*, 392 U.S. at 27). The officer "must have some minimal level of objective justification

---

[1] Reasonable suspicion is a lower standard than probable cause. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997) ("The Fourth Amendment bridles the government's power to invade a person's privacy by requiring that searches and seizures customarily be supported by a showing of probable cause. The lower standard of reasonable suspicion is derived from the probable cause standard and applies only to those brief detentions which fall short of being fullscale searches and seizures.").

for making the stop[.] *Id*. This objective standard disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Ford*, 158 S.W.3d at 492.

Hickman only challenges the justification for the initial stop. He maintains that he did not violate any traffic laws, and, therefore, the traffic stop and detention were illegal. Here, we need not determine which traffic regulation may or may not have been violated. Officer Peters testified he suspected the driver of intoxication based on his observation of the driving conduct. Even if there is no violation, a person's "[e]rratic or unsafe driving may furnish a sufficient basis for a reasonable suspicion that the driver is intoxicated[.]" *James v. State*, 102 S.W.3d 162, 172 (Tex. App.— Fort Worth 2003, pet. ref'd); *see also State v. Tarvin*, 972 S.W.2d 910, 912 (Tex. App.—Waco 1998, pet. ref'd) ("[M]ere weaving in one's own lane of traffic can justify an investigatory stop when that weaving is erratic, unsafe, or tends to indicate intoxication or other criminal activity[.]").

Considering the totality of the circumstances, we hold that there was reasonable suspicion for Officer Peters to have believed that Hickman may have been intoxicated. According to Officer Peters, he observed Hickman driving for two to three miles and during that time Hickman drove erratically, driving on and over the fog line. There is no evidence contradicting Officer Peters's testimony that

Hickman crossed over the fog line before he activated the dashboard camera or that Hickman was driving erratically during that time. Officer Peters explained that when he observes this type of driving, especially at night, his practice is to continue observing the pattern of driving in order to identify intoxicated drivers. Officer Peters testified that because of Hickman's driving and the time of night, he suspected Hickman was intoxicated. The trial court clearly accepted Officer Peters's testimony as true. Officer Peters articulated something more than just an "inchoate and unparticularized suspicion or 'hunch.'" *See Foster*, 326 S.W.3d at 613. In light of the time of night, Hickman's driving, and Officer Peters's training and experience, it was rational for Officer Peters to have inferred that Hickman may have been intoxicated, thus justifying a temporary detention for further investigation. *See Curtis v. State*, 238 S.W.3d 376, 381 (Tex. Crim. App. 2007) (holding that a rational inference from observing a car "weaving in and out of his lane several times, over a short distance, late at night" was that the driver was intoxicated and that such circumstances justified an investigative stop); *Dunkelberg v. State*, 276 S.W.3d 503, 506-07 (Tex. App.—Fort Worth 2008, pet. ref'd) (holding that stop based on suspicion of DWI was reasonable based on "the manner in which the vehicle was operated in conjunction with the time of night").

10

Although the trial court did not specifically address Officer Peters's reasonable suspicion of driving while intoxicated, the trial court could have found this as a proper basis for the stop. Therefore, we conclude the stop was justified, and that the trial court did not err in denying Hickman's motion to suppress. *See Armendariz*, 123 S.W.3d at 404. We overrule Hickman's issues and affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 30, 2014
Opinion Delivered August 26, 2015
Do not publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.

11